# V. W. PURYEAR v. KRIS NIELSON AND ANOTHER.[1]

January 7, 1927.

No. 25,626.

**Error to submit case to jury on theory plaintiff could recover damages from first of two storms.**

1. Defendants are sued for damages claimed to have resulted from their construction of a ditch and dike to protect their own premises from surface water. Damages were allowed plaintiff for injuries suffered from surface water cast upon his premises during and after two storms. There was no proof that ditch and dike were constructed until after the first storm. *Held* error to submit case to jury on theory that damages resulting from first storm were recoverable.

**Matter of conjecture whether the injury was caused by defendants' wrong.**

2. In such a case mere concurrence of wrong and injury is not enough to make a case for plaintiff, it remaining a matter of conjecture that the wrong caused the injury.

Waters, 40 Cyc. p. 665 n. 67.

Defendants appealed from an order of the district court for Olmsted county, Callaghan, J., denying their motion for a new trial. Reversed.

*Theo. A. Schacht* and *Oscar C. Ronken*, for appellants.

*Granger & Clemens*, for respondent.

Stone, J.

Action for injunction and damages because of the alleged wrongful diversion of surface water. The issue as to damages was submitted to a jury which gave plaintiff a verdict for $1,000. The injunctional feature of the case is not before us. The appeal is by defendants from the order denying defendants' motion for a new trial.

[1]Reported in 211 N. W. 676.

Plaintiff and defendant Nielson operate cement block factories on adjoining properties. The plat which comes to us as a part of the record suggests that both of them get their sand from the same pit, one working in one end and one in the other. The record however speaks of the pits as separate and we shall so treat them. The Nielson plant is situated, roughly, 500 feet northwest of plaintiff's plant. The terrain in the immediate vicinity has a marked but not steep slope to the south. Immediately north of Nielson's plant an extension of Fourteenth street, northeast, of the city of Rochester runs east and west. Just north of that street the ground rises abruptly to a considerable altitude, so that if our impression is correct there is much territory from which the run-off to the south and onto and across the area covered by both gravel pits is very rapid.

On June 10, 1925, there was in that vicinity a rainstorm which, if not of the proportions of a cloudburst, was at least a copious and sudden downpour. There was another and similar storm on July 9th. Plaintiff's block factory seems to be located in one end of his sand pit. Be that as it may, his building was badly damaged by the flooding of his premises resulting from the two storms. The damage from the first was serious and was enhanced by the second.

The wrong which is charged to defendants is the admitted construction by Nielson, with permission of Riess (the former being the tenant of the latter), of a ditch beginning somewhere east of his building and extending thence first in a southerly and then in a southwesterly direction. It discharged unquestionably into the sand pits and possibly directly into that of plaintiff. The map on this point is equivocal. For the purpose of this decision, we assume that the discharge was directly into plaintiff's pit. But it was at a point about 200 feet northwest of the nearest point of plaintiff's building. If the ditch had been extended due south from the point where it opened into the pit, it would have passed nearly 150 feet west of plaintiff's plant. Flanking the ditch on the west for a portion of its distance, that is, on the side towards the Nielson pit, a dike was thrown up, the admitted purpose of both ditch and dike being to divert surface water from the Nielson pit.

The evidence for the defense is that the ditch was not dug and the dike not constructed until after the first storm. But the case was submitted to the jury upon the theory that plaintiff might recover the damages resulting from both storms. The verdict may well contain a substantial allowance for damage caused by the first. That theory and the resulting verdict are supported by the argument for plaintiff that, inasmuch as water somehow or other was discharged into his pit and around his building as a result of the first storm and his building was then damaged, the ditch must have been constructed at that time. On this record we cannot follow that argument. There is too much evidence indicating that water would have gone onto plaintiff's property and that his building would have been surrounded by it if no ditch had been dug and no dike constructed. The relation of plaintiff's building to the mouth of the ditch is such that obviously the direct discharge by its own mechanical force could not have thrown down or even undermined plaintiff's factory. If there is anything in the topography, the physical relation between the ditch and plaintiff's property, which puts that statement in doubt, it does not appear in this record. The burden was upon plaintiff to show not only his damage but that the ditch caused it. The element of causation, at least so far as the storm of June 10th is concerned, is left in the realm of conjecture. Therefore the verdict cannot stand. A new trial is necessary on that ground alone.

It was suggested in argument that the defendants have interfered with a natural watercourse. If that is the case, it is susceptible of better or at least clearer proof than this record contains. The map before us contains nothing in the way of a contour line and there is no profile or cross section of either the ditch or the alleged natural watercourse with the operation of which defendants are said to have interfered. Another claim for plaintiff is that his pit is protected on the north by a ridge or natural dike which, until it was cut through by defendants' ditch, furnished him protection from surface waters flowing from that direction. That claim does not seem to have any support in the evidence.

For defendants, the evidence is that both storms were so heavy that all the ground immediately north of plaintiff's pit was flooded to a considerable depth. If that were true, if it could be taken as uncontroverted, there would be perhaps serious doubt whether plaintiff had any case at all. Mere concurrence of wrong and injury does not under such circumstances make a case for recovery of damages. The agency of causation remains a matter of conjecture. The injury may have been due alone to the excessive downpour and the resulting rapid run-off from the natural catch basin just north of the involved premises. It might have occurred even though ditch and dike had never been constructed. That phase of the case we suggest but do not decide. Our knowledge of the facts is too scant.

Order reversed.